JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Eady, Katrina M.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sheridan & Murray, LLC
1600 Market Street, Suite 2500, Philadelphia, PA 19103
(215) 977-9500

## DEFENDANTS

Rickmers Linie (America), Inc.; Rickmers Linie America; Rickmers Linie; Rickmers Linie, Inc.; America Rickmers-Linie, Inc.; Linie America Inc. Rickmers; Rickmers-Linie GMBH

County of Residence of First Listed Defendant   Harris County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
        Plaintiff

☐ 2  U.S. Government
        Defendant

☒ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☒ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☒ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        Another District
        *(specify)*

☐ 6  Multidistrict
        Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
33 U.S.C. § 905(b)

Brief description of cause:
Defendants caused Plaintiff's death at the Tioga Marine Terminal in Philadelphia, PA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
August 16, 2013

SIGNATURE OF ATTORNEY OF RECORD
/s/ Thomas W. Sheridan

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___709 Hanover Manor, Carlisle, PA 17013___

Address of Defendant: ___350 Glenborough Dr., Suite 180, Houston, TX 77067___

Place of Accident, Incident or Transaction: ___Tioga Marine Terminal in Philadelphia, Pennsylvania___
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☐

Does this case involve multidistrict litigation possibilities?     Yes☐   No☐XX

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐   No☐XX

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐   No☐XX

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐   No☒X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐   No☒X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11.☒X All other Federal Question Cases
    (Please specify) ___33 U.S.C. § 905(b)___

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ___Thomas W. Sheridan___, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: ___August 16, 2013___   ___/s/ Thomas W. Sheridan___   ___56939___
                              Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___August 16, 2013___   ___/s/ Thomas W. Sheridan___   ___56939___
                              Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _709 Hanover Manor, Carlisle, PA 17013_

Address of Defendant: _350 Glenborough Dr., Suite 180, Houston, TX 77067_

Place of Accident, Incident or Transaction: _Tioga Marine Terminal in Philadelphia, Pennsylvania_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　Yes☐　No☐

Does this case involve multidistrict litigation possibilities?　　Yes☐　No☒XX

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
　　Yes☐　No☒XX

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
　　Yes☐　No☒XX

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
　　Yes☐　No☒X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
　　Yes☐　No☒X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11.☒X All other Federal Question Cases
　　(Please specify) _33 U.S.C. § 905(b)_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
　　(Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Thomas W. Sheridan_, counsel of record do hereby certify:

　☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

　☐ Relief other than monetary damages is sought.

DATE: _August 16, 2013_ 　　 _/s/ Thomas W. Sheridan_ 　　 _56939_

　　　　　　　　　　　　Attorney-at-Law　　　　　　　　Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _August 16, 2013_ 　　 _/s/ Thomas W. Sheridan_ 　　 _56939_

　　　　　　　　　　　　Attorney-at-Law　　　　　　　　Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Katrina M. Eady, Individually and as Administratrix | : | CIVIL ACTION |
| of the Estate of Vernon Knight, Sr. | : | |
| v. | : | |
| Rickmers Linie (America), Inc., et. al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(X)

| | | |
|---|---|---|
| August 16, 2013 | /s/ Thomas W. Sheridan | Thomas W. Sheridan |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiffs |
| (215) 977-9500 | (215) 977-9800 | tsheridan@sheridanandmurray.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KATRINA M. EADY, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF VERNON KNIGHT, SR. 709 Hanover Manor Carlisle, PA 17013 | : : : : : : : | **CIVIL ACTION COMPLAINT** |
| v. | : : : | **JURY TRIAL DEMANDED** |
| RICKMERS LINIE (AMERICA), INC. 350 Glenborough Dr. Suite 180 Houston, TX 77067 | : : : : : | **NO.** |
| RICKMERS LINIE AMERICA 350 Glenborough Dr., Suite 180 Houston, TX 77067 | : : : : | |
| RICKMERS LINIE 350 Glenborough Dr., Suite 180 Houston, TX 77067 | : : : : | |
| RICKMERS LINIE, INC. 350 Glenborough Dr., Suite 180 Houston, TX 77067 | : : : : | |
| AMERICA RICKMERS-LINIE, INC. 350 Glenborough Dr., Suite 180 Houston, TX 77067 | : : : : | |
| LINIE AMERICA INC. RICKMERS 350 Glenborough Dr., Suite 180 Houston, TX 77067 | : : : : | |
| RICKMERS-LINIE GMBH 350 Glenborough Dr., Suite 180 Houston, TX 77067 | : : : : : | |

**COMPLAINT**

Plaintiff, Katrina M. Eady, Individually and as the Administratrix of the Estate of Vernon Knight, Sr., by and through her attorneys, Sheridan & Murray, LLC, hereby files the within Complaint against Defendants, Rickmers Linie (America), Inc., Rickmers Linie America, Rickmers Linie, Rickmers Linie, Inc., America Rickmers-Linie, Inc., Linie America Inc. Rickmers, and Rickmers-Linie GMBH, collectively referred to as the "Defendants", and in support thereof, avers as follows:

I.    **INTRODUCTION**

1.    On August 20, 2011, Mr. Knight was working as a longshoreman for Delaware River Stevedores, Inc. (hereinafter, "DRS").

2.    On August 20, 2011, the Rickmers New Orleans (hereinafter referred to as  the "Ship") came to port at the Tioga Marine Terminal in Philadelphia, Pennsylvania and Mr. Knight was directed to board the Ship for the purposes of unloading cargo.

3.    At all times material and relevant thereto, the Defendants Rickmers Linie (America), Inc., Rickmers Linie America, Rickmers Linie, Rickmers Linie, Inc., America Rickmers-Linie, Inc., Linie America Inc. Rickmers, and Rickmers-Linie GMBH (hereinafter referred to as the "Defendants") owned, controlled, maintained and/or operated the Ship.

4.    At all times material and relevant thereto, cargo was located in numerous places on the Ship, including on a deck of the Ship adjacent to cargo Hold Number 2.

5.    On August 20, 2011, the deck adjacent to the cargo Hold Number 2 had an unprotected ledge.  The distance from the unprotected ledge to the bottom of cargo Hold Number 2 was approximately 50 feet.

6.     On August 20, 2011, Mr. Knight and his co-workers were discharging cargo from the Ship.

7.     On August 20, 2011, sometime before 2:00 p.m., the Ship's captain and crew received a request from DRS representatives for "pontoon" decking to guard the unprotected deck ledge adjacent to cargo Hold Number 2 where DRS longshoremen would be working.

8.     On August 20, 2011, sometime before 2:00 p.m., the Ship's captain agreed to have the Ship's crew install the "pontoon" decking on the unprotected deck ledge adjacent to cargo Hold Number 2 before DRS workers, including Mr. Knight, began working on the deck.

9.     On August 20, 2011, sometime before 2:00 p.m., the Defendants were expressly informed of the dangerous condition of the unprotected deck ledge adjacent to cargo Hold Number 2.

10.    On August 20, 2011, sometime before 2:00 p.m., the Defendants agreed to have the Ship's crew install such "pontoon" decking on the unprotected deck ledge adjacent to cargo Hold Number 2 before DRS workers, including Mr. Knight, began working on the deck area.

11.    However, on August 20, 2011,the Defendants never placed the "pontoon" decking on the unprotected ledge.

12.    On August 20, 2011, at approximately 2:00 p.m., Mr. Knight was working on the deck with the unprotected ledge adjacent to cargo Hold Number 2 of the Ship discharging cargo.

13.    On August 20, 2011, Defendants had substantial control over and/or were in charge of the deck with the unprotected ledge adjacent to cargo Hold Number 2 of the Ship.

14. On August 20, 2011, Defendants had substantial control over and/or were in charge of the discharging of the cargo from the Ship. Including from the deck with the unprotected ledge adjacent to cargo Hold Number 2 of the Ship.

15. On August 20, 2011, Defendants had an active operations duty and/or a duty to intervene to eliminate the dangerous condition of the unprotected ledge adjacent to cargo Hold Number 2 before Mr. Knight and other longshoremen performed work on that deck.

16. On August 20, 2011, while performing his duties of discharging the cargo, Mr. Knight fell over the unprotected ledge of the deck adjacent to cargo Hold Number 2 to his death at the bottom of the cargo hold nearly 50 feet below.

17. Prior to Mr. Knight's fall on August 20, 2011, the Defendants failed to install any "pontoon" decking or other similar safety barriers on the deck's unprotected ledge adjacent to cargo Hold Number 2 even though the Defendants expressly agreed to provide such safety barriers and/ or fall protection prior to the commencement of work in cargo Hold Number 2.

18. The Defendants knowingly and recklessly exposed Mr. Knight and his co-workers to a known unprotected fall hazard.

19. At all times material hereto, the Defendants were aware of the presence of the unprotected deck ledge adjacent to cargo Hold Number 2 where Mr. Knight was working, prior to his accident.

20. At all times material hereto, the Defendants knowingly and expressly undertook the duty to install "pontoon" decks and/or other similar safety barriers to protect Mr. Knight, and others, from falling over the unprotected ledge. The Defendants recklessly failed to perform this duty.

4

21.     The Defendants failed to provide protection of any kind to Mr. Knight and/or his co-workers from this known and dangerous fall hazard.

22.     The Defendants permitted Mr. Knight and/or his co-workers to work on the deck with the unprotected ledge adjacent to cargo Hold Number 2 without providing safety protection or warnings with respect to the unprotected ledge.

23.     The Defendants knew of the dangerous condition of the unprotected ledge adjacent to cargo Hold Number 2, however, they permitted Mr. Knight and other DRS employees to work in this area without providing fall protection or warnings of any kind.

24.     Mr. Knight's death was foreseeable and entirely preventable by the Defendants.

## II.     **PARTIES**

25.     Plaintiff, Katrina Eady, brings this action in her own right and as the Administratrix of the Estate of Vernon Knight, Sr., deceased. At all times relevant and material hereto, Katrina Eady was the daughter of the decedent, Vernon Knight.  Katrina Eady is an adult citizen of the Commonwealth of Pennsylvania and resides therein at 709 Hanover Manor, Carlisle, PA 17013.

26.     Defendant, Rickmers Linie (America) Inc., is, upon information and belief, a corporation with its headquarters located at 350 Glenborough Dr., Suite 180, Houston, TX 77067.

27.     Defendant, Rickmers Linie America, is, upon information and belief, a corporation with its headquarters located at 350 Glenborough Dr., Suite 180, Houston, TX 77067.

28.     Rickmers Linie, is, upon information and belief, a corporation with its headquarters located at 350 Glenborough Dr., Suite 180, Houston, TX 77067.

29.     Defendant, Rickmers Linie, Inc., is, upon information and belief, a corporation with its headquarters located at 350 Glenborough Dr., Suite 180, Houston, TX 77067.

30.     Defendant, America Rickmers-Linie, Inc., is, upon information and belief, a corporation with its headquarters located at 350 Glenborough Dr., Suite 180, Houston, TX 77067.

31.     Defendant, Linie America Inc. Rickmers, is, upon information and belief, a corporation with its headquarters located at 350 Glenborough Dr., Suite 180, Houston, TX 77067.

32.     Defendant, Rickmers-Linie GMBH, is, upon information and belief, a corporation with its headquarters located at 350 Glenborough Dr., Suite 180, Houston, TX 77067.

33.     At all times material and relevant thereto, the Defendants owned, controlled, maintained and/or operated the Ship, the Rickmers New Orleans.

34.     At all times relevant and material hereto, the Defendants acted directly and/or by and through their actual or apparent agents, employees, ostensible agents, servants, workmen, and/or representatives, including the Captain and crew of the Ship, who was/were acting within the course and scope of their actual or apparent employment, agency, representation, and/or authority regarding the Ship.

35.     At all times relevant and material hereto, the Captain and crew of the Ship, were acting within the course and scope of their actual and/or or apparent employment, agency and/or representation with the Defendants.

III.   **JURISDICTION AND VENUE**

36.     This Court has jurisdiction based upon diversity of citizenship of the parties and the requisite amount in controversy is in excess of Seventy Five Thousand ($75,000) Dollars, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

37.     Venue is appropriate in this Court because the underlying negligence, carelessness and recklessness of the Defendants in causing Mr. Knight's death, described more fully below, occurred at the Tioga Marine Terminal in Philadelphia, PA, which is within this judicial district.

38.     This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1333 and/or 46 App. U.S.C. § 740 as it involves an admiralty and/or maritime civil action.

39.     This Court has jurisdiction over this case pursuant to 33 U.S.C. § 905(b).

40.     This Court has jurisdiction over Plaintiff's state law claims pursuant to the principles of pendent and supplemental jurisdiction, 28 U.S.C. § 1367.

IV.   **FACTUAL ALLEGATIONS**

41.     Vernon Knight was born on April 1, 1957 in Philadelphia, PA, and at the time of his death had been working as a longshoreman for 10 years.

42.     At all times material and relevant hereto, Vernon Knight was working within the course and scope of his employment as a longshoremen for DRS.

43.     On or about August 20, 2011, Mr. Knight boarded the Ship while berthed at the Tioga Marine Terminal in Philadelphia, Pennsylvania, for purposes of loading and/or unloading cargo from the Ship during the course and scope of his employment with DRS.

44.     On August 20, 2011, the deck adjacent to the cargo Hold Number 2 had an unprotected ledge from which workers such as Mr. Knight could fall, causing serious injury or

death.  The distance from the unprotected ledge to the bottom of cargo Hold Number 2 was approximately 50 feet.

45.    On August 20, 2011, before 2:00 p.m., the Defendants were aware of this dangerous condition, the unprotected ledge adjacent to cargo Hold Number 2, prior to the longshoremen began working on that deck.

46.    On August 20, 2011, before 2:00 p.m., DRS representatives specifically requested that the Ship's Captain and crew install "pontoon" decking along the unprotected deck ledge adjacent to cargo Hold Number 2 to eliminate the dangerous condition and protect the longshoremen who were required to work on the deck discharging cargo.

47.    On August 20, 2011, before 2:00 p.m., the Captain and crew of the Ship agreed to install the "pontoon" decking along the unprotected deck ledge adjacent to cargo Hold Number 2 and undertook the duty to correct this dangerous condition.

48.    On August 20, 2011, the Captain and crew of the Ship failed to install the pontoon decking before Mr. Knight's death.

49.    On August 20, 2011, the Captain and crew of the Ship failed to eliminate this dangerous condition before Mr. Knight's death and also failed to warn the longshoremen who were assigned to work on the deck adjacent to cargo Hold Number 2 of this dangerous condition.

50.    On August 20, 2011, The Captain and crew of the Ship failed to make the ship safe and recklessly permitted the longshoremen to work on the deck with the unprotected ledge adjacent to Hold Number 2.

51.     On August 20, 2011, at approximately 2 p.m., Mr. Knight   was working on the deck, with the unprotected ledge, adjacent to cargo Hold Number 2, unloading cargo from the Ship.

52.     On August 20, 2011, Defendants had substantial control over and/or were in charge of the deck with the unprotected ledge adjacent to cargo Hold Number 2 of the Ship.

53.     On August 20, 2011, Defendants had substantial control over and/or were in charge of the discharging of the cargo from the Ship, including from deck with the unprotected ledge adjacent to cargo Hold Number 2 of the Ship.

54.     On August 20, 2011, Defendants had and active operations duty and/or a duty to intervene to eliminate the dangerous condition of the unprotected ledge adjacent to cargo Hold Number 2 before Mr. Knight and other longshoremen performed work on that deck.

55.     On August 20, 2011, while performing his duties of discharging the cargo, Mr. Knight fell to his death over the unprotected deck ledge to the bottom of cargo Hold Number 2 50 feet below.

56.     On August 20, 2011, prior to Mr. Knight's death, the Defendants failed to install "pontoon" decking, safety barriers or any fall protection to prevent Mr. Knight from falling over the unprotected ledge to his death.

57.     At all times relevant and material hereto, Mr. Knight was lawfully and properly upon the premises of the Ship.

58.     At all times relevant and material hereto, Mr. Knight was lawfully and properly exercising due care for his own safety.

59.     At all times relevant and material hereto, the Defendants had a duty to warn individuals lawfully located within and/or working upon the Ship, including Plaintiff, of dangerous conditions upon the Ship.

60.     At all times relevant and material hereto, the Defendants had a duty to conduct a reasonable inspection of the Ship, including its decks and temporary decks, to ensure they were safe and did not present dangers to individuals located within and/or working upon the Ship, including Mr. Knight.

61.     At all times relevant and material hereto, the dangerous condition of the unprotected ledge adjacent to Cargo Hold Number 2 upon the Ship presented a reasonably foreseeable risk that persons in Mr. Knight's position would suffer serious injury or death.

62.     At all times relevant and material hereto, the Defendants had a duty to make the Ship, including its temporary and permanent decks, reasonably safe for the longshoremen, including Mr. Knight.

63.     At all times relevant and material hereto, the Defendants had a duty to warn longshoremen, including Mr. Knight, of hazards on the Ship, including unprotected ledges.

64.     At all times relevant and material hereto, the Defendants had a duty to intervene in the cargo operations of August 20, 2011 to protect longshoremen, including Mr. Knight, by eliminating hazardous conditions located upon the Ship, including the unprotected ledge adjacent to cargo Hold Number 2.

65.     At all times relevant and material hereto, the Defendants had an active operations duty to protect longshoremen, including Mr. Knight, by eliminating hazardous conditions located upon the Ship, including the unprotected ledge adjacent to cargo Hold Number 2.

66.     At all times relevant and material hereto, the Defendants had a duty to provide longshoremen and/or stevedores, including Mr. Knight, with a reasonably safe place to work and to take safeguards necessary to avoid injuries and death to longshoremen.

67.     At all times relevant and material hereto, Mr. Knight's fall and subsequent death were directly and proximately caused by the negligence, carelessness, and/or recklessness of the Defendants, as set forth more fully herein.

68.     As a result of the negligence, carelessness and recklessness of the Defendants, Mr. Knight lost his life.

69.     As a direct and proximate result of the Defendants' negligence, carelessness, and recklessness, Mr. Knight suffered tremendous physical and emotional pain, fear of impending death, and ultimately died.

70.     All Defendants are jointly and severally liable to the Plaintiff.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. ALL DEFENDANTS

71.     Plaintiff hereby incorporates the preceding paragraphs as though set forth fully herein.

72.     Defendants, directly and/or by and through their actual or apparent agents, servants, employees, workers, representatives, and/or ostensible agents, were negligent, careless, and reckless in the following respects:

  a.     Failing to intervene in the cargo operations of August 20, 2011 to protect longshoremen, including Mr. Knight, by eliminating hazardous conditions located upon the Ship, including the unprotected ledge adjacent to cargo Hold Number 2.

b. Failing in their active operations duty to protect longshoremen, including Mr. Knight, by eliminating hazardous conditions located upon the Ship, including the unprotected ledge adjacent to cargo Hold Number 2.

c. Failing to warn Mr. Knight of the dangerous condition presented by the unprotected ledge;

d. Disregarding the rights and safety of Mr. Knight;

e. Failing to use reasonable care in the supervision and care of persons lawfully upon the Ship during the loading and/or unloading of cargo;

f. Failing to properly train Defendants' personnel, employees, representatives, and/or agents with regard to Ship safety procedures and guidelines;

g. Failing to adopt proper and adequate guidelines, polices and/or procedures relating to safety;

h. Failing to enforce proper and adequate guidelines, policies, and/or procedures relating to safety;

i. Failing to properly train and instruct Defendants' personnel, employees, representatives, and/or agents with respect to the inspection of the Ship, including the decks, for fall hazards;

j. Failing to adopt proper and adequate guidelines, policies and/or procedures relating to the inspection of the Ship, including the decks, for fall hazards;

k.  Failing to enforce proper and adequate guidelines, policies and/or procedures relating to the inspection of the Ship, including the decks, for fall hazards;

l.  Failing to properly train and instruct Defendants' personnel, employees, representatives and/or agents with respect to the identification and cure of fall hazards upon the Ship;

m.  Failing to adopt proper and adequate guidelines, policies, and/or procedures relating to the identification and cure of fall hazards upon the Ship;

n.  Failing to enforce proper and adequate guidelines, policies and/or procedures relating to the identification and cure of fall hazards upon the Ship;

o.  Failing to ensure that the decks, both permanent and temporary, upon the Ship were protected from fall hazards;

p.  Failing to ensure that the decks, both permanent and temporary, upon the Ship were protected from known fall hazards;

q.  Failing to take reasonable precautions and/or ensure that persons were not permitted to work near unprotected ledges without fall protection;

r.  Failing to take reasonable precautions and/or ensure proper fall protection was provided prior to allowing persons to work near fall hazards and/or unprotected ledges;

s.      Failing to take reasonable precautions and/or to ensure that the deck Plaintiff was working on at the time of the fall was equipped with adequate and appropriate fall protection;

t.      Failing to follow through with Defendants' plan to provide "pontoon" decks to the unprotected ledge of the deck Plaintiff was working on at the time of the fall, prior to the fall;

u.      Failing to take reasonable precautions and/or ensure that the Ship's crew installed the requested pontoon decking to the unprotected ledge of the deck Plaintiff was working on at the time of the fall, prior to the fall;

v.      Failing to take reasonable precautions and/or to ensure that work on the deck with the unprotected ledge where Plaintiff fell was prevented or stopped prior to the installation of sufficient fall protection;

w.      Failing to provide Mr. Knight with a safe means of loading and/or unloading cargo from the Ship;

x.      Failing to adequately and properly supervise and control Defendants' personnel, employees, representatives, and/or agents;

y.      Failing to exercise reasonable care so as not to cause Plaintiff to be injured or killed while lawfully upon the Ship;

z.      Allowing or permitting the Ship to remain in a hazardous and unsafe condition;

aa.     Failing to comply with all applicable laws, statutes, ordinances, codes, regulations, and/or instructions pertaining to the use of fall protection for unprotected ledges;

bb.    Failing to correct, repair, and/or remedy the aforesaid dangerous fall hazard which Defendant knew or should have known existed;

cc.    Failing to make reasonable inspection of the Ship which would have revealed the existence of the aforesaid dangerous fall hazard Defendant knew or should have known existed;

dd.    Failing to provide adequate safeguards to prevent the aforesaid accident and Plaintiff's death;

ee.    Failing to comply with all applicable safety standards, laws, rules, regulations and codes;

ff.    Failing to hire competent agents, servants, employees, workmen, ostensible agents, seamen, crew members, and/or representatives to perform inspections of the Ship, including the decks for fall hazards;

gg.    Failing to properly and adequately train its employees, agents, servants, employees, workmen, ostensible agents, seamen, crew members and/or representatives to comply with applicable safety standards, laws, rules, regulations and codes;

hh.    Failing to provide stevedores, including Mr. Knight, with a reasonably safe place to work and take safeguards necessary to avoid injuries and death to stevedores;

ii.    Failing to intervene in the cargo operations to protect stevedores, including Mr. Knight, from hazardous conditions located upon the Ship;

jj.   Failing to adequately and appropriately perform all active operations duties to protect stevedores, including Mr. Knight, from hazardous conditions located upon the Ship;

kk.   Failing to keep and maintain the Ship in a reasonable and safe condition to ensure that individuals located and/or working upon the Ship were not injured or killed as a result of the negligence, carelessness, and/or recklessness of the Defendants; and

ll.   Failing to exercise due care under the circumstances.

73.   As a direct and proximate result of the Defendants' negligence, carelessness, and recklessness, decedent Vernon Knight, suffered tremendous physical and emotional pain, fear of impending death, and ultimately died.

74.   The injuries and damages sustained by Mr. Knight were foreseeable and could reasonably be anticipated by the Defendants.

WHEREFORE, Plaintiff, Katrina M. Eady, individually and as Administratrix of the Estate of Vernon Knight, Sr.,, demands judgment against Defendants, Rickmers Linie (America, Inc.), Rickmers Linie America, Rickmers Linie, Rickmers Linie, Inc., America Rickmers-Linie, Inc., Linie America Inc. Rickmers,  and Rickmers-Linie GMBH, for an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with punitive damages, interest, attorney's fees, cost of suit, delay damages, all damages set forth herein and/or available under 33 U.S.C. § 950(b), and any other relief deemed equitable and appropriate by this Honorable Court.

**COUNT II – 33 U.S.C. § 905(b)**
**PLAINTIFF v. ALL DEFENDANTS**

75.    Plaintiff hereby incorporates the preceding paragraphs as though set forth fully herein.

76.    Plaintiff asserts this claim against all Defendants pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b)

77.    Mr. Knight was killed as a direct and proximate result of the negligent, careless, grossly negligent, and/or reckless acts or omissions of the Defendants, directly and/or by and through their agents, servants, workmen, representatives, and/or employees, which consisted of the following:

a.    Failing to intervene in the cargo operations of August 20, 2011 to protect longshoremen, including Mr. Knight, by eliminating hazardous conditions located upon the Ship, including the unprotected ledge adjacent to cargo Hold Number 2.

b.    Failing in their active operations duty to protect longshoremen, including Mr. Knight, by eliminating hazardous conditions located upon the Ship, including the unprotected ledge adjacent to cargo Hold Number 2..

c.    Failing to warn Mr. Knight of the dangerous condition presented by the unprotected ledge;

d.    Disregarding the rights and safety of Mr. Knight;

e.    Failing to use reasonable care in the supervision and care of persons lawfully upon the Ship during the loading and/or unloading of cargo;

f.   Failing to properly train Defendants' personnel, employees, representatives, and/or agents with regard to Ship safety procedures and guidelines;

g.   Failing to adopt proper and adequate guidelines, polices and/or procedures relating to safety;

h.   Failing to enforce proper and adequate guidelines, policies, and/or procedures relating to safety;

i.   Failing to properly train and instruct Defendants' personnel, employees, representatives, and/or agents with respect to the inspection of the Ship, including the decks, for fall hazards;

j.   Failing to adopt proper and adequate guidelines, policies and/or procedures relating to the inspection of the Ship, including the decks, for fall hazards;

k.   Failing to enforce proper and adequate guidelines, policies and/or procedures relating to the inspection of the Ship, including the decks, for fall hazards;

l.   Failing to properly train and instruct Defendants' personnel, employees, representatives and/or agents with respect to the identification and cure of fall hazards upon the Ship;

m.   Failing to adopt proper and adequate guidelines, policies, and/or procedures relating to the identification and cure of fall hazards upon the Ship;

n.    Failing to enforce proper and adequate guidelines, policies and/or procedures relating to the identification and cure of fall hazards upon the Ship;

o.    Failing to ensure that the decks, both permanent and temporary, upon the Ship were protected from fall hazards;

p.    Failing to ensure that the decks, both permanent and temporary, upon the Ship were protected from known fall hazards;

q.    Failing to take reasonable precautions and/or ensure that persons were not permitted to work near unprotected ledges without fall protection;

r.    Failing to take reasonable precautions and/or ensure proper fall protection was provided prior to allowing persons to work near fall hazards and/or unprotected ledges;

s.    Failing to take reasonable precautions and/or to ensure that the deck Plaintiff was working on at the time of the fall was equipped with adequate and appropriate fall protection;

t.    Failing to follow through with Defendants' plan to provide pontoon decks to the unprotected ledge of the deck Plaintiff was working on at the time of the fall, prior to the fall;

u.    Failing to take reasonable precautions and/or ensure that the ship's crew installed the requested pontoon decking to the unprotected ledge of the deck Plaintiff was working on at the time of the fall, prior to the fall;

v.     Failing to take reasonable precautions and/or to ensure that work on the deck with the unprotected ledge where Plaintiff fell was prevented or stopped prior to the installation of sufficient fall protection;

w.     Failing to provide Mr. Knight with a safe means of loading and/or unloading cargo from the Ship;

x.     Failing to adequately and properly supervise and control Defendants' personnel, employees, representatives, and/or agents;

y.     Failing to exercise reasonable care so as not to cause Plaintiff to be injured or killed while lawfully upon the Ship;

z.     Allowing or permitting the Ship to remain in a hazardous and unsafe condition;

aa.    Failing to comply with all applicable laws, statutes, ordinances, codes, regulations, and/or instructions pertaining to the use of fall protection for unprotected ledges;

bb.    Failing to correct, repair, and/or remedy the aforesaid dangerous fall hazard which Defendant knew or should have known existed;

cc.    Failing to make reasonable inspection of the Ship which would have revealed the existence of the aforesaid dangerous fall hazard Defendant knew or should have known existed;

dd.    Failing to provide adequate safeguards to prevent the aforesaid accident and Plaintiff's death;

ee.    Failing to comply with all applicable safety standards, laws, rules, regulations and codes;

ff.   Failing to hire competent agents, servants, employees, workmen, ostensible agents, seamen, crew members, and/or representatives to perform inspections of the Ship, including the decks for fall hazards;

gg.   Failing to properly and adequately train its employees, agents, servants, employees, workmen, ostensible agents, seamen, crew members and/or representatives to comply with applicable safety standards, laws, rules, regulations and codes;

hh.   Failing to provide stevedores, including Mr. Knight, with a reasonably safe place to work and take safeguards necessary to avoid injuries and death to stevedores;

ii.   Failing to intervene in the cargo operations to protect stevedores, including Mr. Knight, from hazardous conditions located upon the Ship;

jj.   Failing to adequately and appropriately perform all active operations duties to protect stevedores, including Mr. Knight, from hazardous conditions located upon the Ship;

kk.   Failing to keep and maintain the Ship in a reasonable and safe condition to ensure that individuals located and/or working upon the Ship were not injured or killed as a result of the negligence, carelessness, and/or recklessness of the Defendants; and

ll.   Failing to exercise due care under the circumstances.

78.   As a direct and proximate result of the Defendants' negligence, carelessness, and recklessness, decedent Vernon Knight, suffered tremendous physical and emotional pain, fear of impending death, and ultimately died.

79.     The dangerous condition of the unprotected ledge created an unreasonable and foreseeable risk of serious injury and/ or death.

80.     The Defendants controlled and/or took charge of the deck with the unprotected ledge adjacent to cargo Hold Number 2 and the safety hazard associated therewith.

81.     The Defendants had actual and/or constructive notice of the dangerous condition of the unprotected ledge and that Mr. Knight and his co-workers were working near this unprotected ledge.

82.     The Defendants knew that Mr. Knight and his crew were continuing with operations regardless of the dangerous condition.

83.     The Defendants failed to intervene to correct the dangerous and hazardous condition of the unprotected ledge.

84.     Mr. Knight reasonably failed to discover the condition of the unprotected ledge or apprehend the gravity and probability of harm or to protect himself from the danger.

85.     The Defendants failed to take reasonable precautionary remedial steps to prevent or eliminate the dangerous condition of the unprotected ledge before Mr. Knight's death.

86.     The injuries and damages sustained by Mr. Knight were foreseeable and could reasonably be anticipated by the Defendants.

WHEREFORE, Plaintiff, Katrina M. Eady, individually and as Administratrix of the Estate of Vernon Knight, Sr., demands judgment against Defendants, Rickmers Linie (America, Inc.), Rickmers Linie America, Rickmers Linie, Rickmers Linie, Inc., America Rickmers-Linie, Inc., Linie America Inc. Rickmers,  and Rickmers-Linie GMBH, for an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with punitive damages, interest,

attorney's fees, cost of suit, delay damages, all damages set forth herein and/or available under 33 U.S.C. § 950(b), and any other relief deemed equitable and appropriate by this Honorable Court.

## COUNT III – VICARIOUS LIABILITY
## PLAINTIFF v. ALL DEFENDANTS

87.     Plaintiff hereby incorporates the preceding paragraphs as though set forth fully herein.

88.     At all times relevant and material hereto, the Defendants, acted and/or failed to act by and through their actual and/or apparent agents, servants, workmen, employees, representatives, and/or ostensible agents, including the Capitan of the Ship and crew, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency for the Defendants.

89.     The Defendants are vicariously liable for the negligent, careless, and reckless acts or omissions of their actual and/or apparent agents, servants, workmen, employees, representatives, and/or ostensible agents including the Capitan of the Ship and crew.

WHEREFORE, Plaintiff, Katrina M. Eady, individually and as Administratrix of the Estate of Vernon Knight, Sr., demands judgment against Defendants, Rickmers Linie (America, Inc.), Rickmers Linie America, Rickmers Linie, Rickmers Linie, Inc., America Rickmers-Linie, Inc., Linie America Inc. Rickmers,  and Rickmers-Linie GMBH, for an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with punitive damages, interest, attorney's fees, cost of suit, delay damages, all damages set forth herein and/or available under 33 U.S.C. § 950(b), and any other relief deemed equitable and appropriate by this Honorable Court.

## COUNT IV – WRONGFUL DEATH ACTION
## PLAINTIFF v. ALL DEFENDANTS

90.     Plaintiff hereby incorporates the preceding paragraphs as though set forth fully herein.

91.     Plaintiff, Katrina Eady, is the Administratrix of the Estate of Vernon Knight, having been duly appointed as the personal representative by the Register of Wills of Philadelphia County, Pennsylvania, and is the daughter of decedent, Vernon Knight.

92.     As a direct and proximate result of the negligent, careless and reckless acts and omissions of the Defendants, which are described more fully at length herein, decedent, Vernon Knight, was caused to die.

93.     This civil action is brought pursuant to Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8301, *et. seq.*, and Rule 2202 of the Pennsylvania Rules of Civil Procedure, on behalf of the decedent's beneficiaries, the Plaintiff, the decedent's children and all other persons entitled to recover all damages legally available under the Wrongful Death Act of the Assembly.

94.     Plaintiff's decedent, Vernon Knight, did not bring any other action during his lifetime and no other action for the death of said decedent has been commenced against Defendants herein.

95.     As a direct and proximate result of the death of decedent, Vernon Knight, the statutory beneficiaries have suffered pecuniary losses, medical, funeral, burial and estate expenses, and loss of monetary contributions.

96.     By reason of the decedent's death, decedent's survivors have been deprived of the comfort, aid, assistance, services, society, tutelage and consortium of the decedent.

WHEREFORE, Plaintiff, Katrina M. Eady, individually and as Administratrix of the Estate of Vernon Knight, Sr., demands judgment against Defendants, Rickmers Linie (America, Inc.), Rickmers Linie America, Rickmers Linie, Rickmers Linie, Inc., America Rickmers-Linie, Inc., Linie America Inc. Rickmers,  and Rickmers-Linie GMBH, for an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with punitive damages, interest, attorney's fees, cost of suit, delay damages, all damages set forth herein and/or available under 33 U.S.C. § 950(b), and any other relief deemed equitable and appropriate by this Honorable Court.

### COUNT V – SURVIVAL ACTION
### PLAINTIFF v. ALL DEFENDANTS

97.	Plaintiff hereby incorporates the preceding paragraphs as though set forth fully herein.

98.	In her capacity as personal representative of the Estate of Vernon Knight, Sr., Plaintiff, Katrina Eady, brings this civil action pursuant to the Pennsylvania Survival Act, 42 Pa.C.S.A. § 8302, *et. seq.*, and 20 Pa.C.S.A. § 3371 against all Defendants herein.

99.	This civil action is brought to recover, on behalf of the Estate of Vernon Knight, all damages legally recoverable under the Survival Act of the Assembly.

100.	As a direct and proximate result of the negligence, careless and reckless conduct of the Defendants, as set forth herein, Plaintiff's decedent, Vernon Knight, suffered grievous personal injuries, severe physical and emotional pain, fear of impending death, and ultimately died.

101.	As a direct and proximate result of the carelessness, negligence and recklessness of the Defendants, as set forth herein, Plaintiff's decedent, Vernon Knight, experienced great physical pain and suffering prior to his death.

102.    Plaintiff claims, on behalf of the Estate of Vernon Knight, damages for his pain and suffering and damages for his loss of earnings and future loss of earnings and earning capacity resulting from the death of the decedent.

WHEREFORE, Plaintiff, Katrina M. Eady, individually and as Administratrix of the Estate of Vernon Knight, Sr., demands judgment against Defendants, Rickmers Linie (America, Inc.), Rickmers Linie America, Rickmers Linie, Rickmers Linie, Inc., America Rickmers-Linie, Inc., Linie America Inc. Rickmers,  and Rickmers-Linie GMBH, for an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with punitive damages, interest, attorney's fees, cost of suit, delay damages, all damages set forth herein and/or available under 33 U.S.C. § 950(b), and any other relief deemed equitable and appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues in this cause of action.

## CERTIFICATION OF DAMAGES

The undersigned certifies that the damages recoverable in the matter exceed One Hundred and Fifty Thousand ($150,000) Dollars, exclusive of interest, costs, and any claim for punitive damages.

**SHERIDAN & MURRAY, LLC**

BY: _____tws1860_____
       Thomas W. Sheridan, Esquire
       Neil T. Murray, Esquire
       1600 Market Street, Suite 2500
       Philadelphia, PA  19103
       (215) 977-9500
       tsheridan@sheridanandmurray.com
       nmurray@sheridanandmurray.com

Dated:  August 15, 2013            Attorneys for Plaintiff

26

## **VERIFICATION**

I, THOMAS W. SHERIDAN, ESQUIRE, Attorney for the Plaintiff in the within action, make this verification and state that the information contained in the foregoing is true and correct to the best of my knowledge, information and belief and that this verification is made subject to the penalties of all relevant federal law, relating to unsworn falsification to authorities.


_____/s/ Thomas W. Sheridan_____
THOMAS W. SHERIDAN, ESQUIRE


Dated:  _August 15, 2013_